UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Abdullah T. Farhat,                                          Case No. 07-53471
                                                             Chapter 7
            Debtor.                                          Hon. Phillip J. Shefferly
_____/
Partner & Partner, Inc., et al

            Plaintiffs,

vs                                                           Adv. No. 07-6528

Abdullah T. Farhat,

            Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

On October 12, 2007, Plaintiffs filed this adversary proceeding. Although the complaint is entitled "Complaint to Deny Discharge," it does not seek a denial of the Debtor's discharge under § 727 of the Bankruptcy Code, but instead seeks the determination of non-dischargeability of debt. The complaint contains two counts, styled as "Count I (Larceny by Conversion)" and "Count II (Fraud)." On September 2, 2008, Defendant filed a motion requesting dismissal of Plaintiffs' complaint or, in the alternative, summary judgment. On October 24, 2008, the Court held a hearing with respect to Defendant's motion as well as with respect to certain motions filed by Plaintiffs. At the conclusion of the hearing, the Court granted Defendant's motion to dismiss Count I of Plaintiffs' complaint but denied Defendant's motion to dismiss Count II of the complaint and denied Defendant's motion for summary judgment with respect to Count II of the complaint. The Court also denied at that hearing an oral motion by Plaintiffs requesting leave to amend their complaint.

The Court explained its reasons on the record for denying Plaintiff's oral motion for leave to amend and noted, among other things, that this adversary proceeding had been pending for over a year, the trial had previously been adjourned at the parties' request on more than one occasion, and that the trial had already been rescheduled for November 19, 2008. On November 13, 2008, the Plaintiffs and Defendant filed a stipulation requesting another adjournment of the trial because of a death in the family of the Defendant's counsel. The Court granted that request and rescheduled the trial for January 21, 2009. On December 18, 2008, Plaintiffs filed a motion (docket entry #46) seeking leave to file a first amended complaint to add a new count to their complaint. On December 22, 2008, Defendant filed an objection (docket entry #47) to the motion. The Court has reviewed the motion and the objection and has determined that it is unnecessary and wasteful to set a hearing with respect to the motion. The Court can decide the motion based upon the papers filed and the record made to date in this adversary proceeding.

Fed. R. Civ. P. 15(a) (incorporated by Fed. R. Bankr. P. 7015) governs amendments to pleadings. "Generally, leave to amend is 'freely given when justice so requires.'" Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)) (citation omitted). "Although [Rule 15(a)(2)] provides that a court should freely give leave to amend a complaint when justice so requires, the right to amend is not absolute or automatic." Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008) (internal quotation marks and citation omitted).

"[T]he case law in [the Sixth Circuit manifests] liberality in allowing amendments to a complaint." Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir. 1987) (internal quotation marks and citation omitted). "The thrust of the provision is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." Janikowski, 823 F.2d

at 951 (internal quotation marks and citation omitted).

> Denial may be appropriate, however, where there is "undue delay [in filing the motion], bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."

Morse v. McWhorter, 290 F.3d at 800 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (other citations omitted).

In determining what constitutes "undue prejudice," the Sixth Circuit has looked for "substantial" prejudice. Wade v. Knoxville Utilities Board, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted).

> In determining what constitutes prejudice, the court considers whether the assertion of a new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. ) (citation omitted).

"At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (citing Moore v. City of Paducah, 790 F.2d 557, 560 (6th Cir. 1986) (collecting cases from other circuit courts of appeal)). In Miller v. Champion Enterprises, Inc., 346 F.3d 660, 690-91 (6th Cir. 2003), the Sixth Circuit affirmed the district court's denial of a motion to amend, based on futility, where the proposed amendment still did not meet the requirement to plead fraud with particularity.

The Court concludes that Plaintiffs' motion for leave to amend in this adversary proceeding must be denied. First, the Court finds that there is undue delay in this case. The trial has been

-3-

rescheduled several times at the parties' request and is now scheduled for trial on January 21, 2009. Granting leave to file an amended complaint to add a new count will necessarily result in yet another postponement of the trial date in this case and necessitate the reopening of discovery and the time for filing dispositive motions. All of those occurrences will result in the expenditure of significant additional legal fees. While delay may not provide a basis in some cases to deny a motion for leave to amend, the Court is persuaded that the delay in this case is undue and does provide a basis for denial because it will result in a substantial prejudice to Defendant. At some point, Defendant is entitled to know whether the debts alleged in Plaintiffs' complaint are dischargeable or not. This adversary proceeding has gone on long enough, with numerous delays already. The Court finds in the circumstances of this adversary proceeding that any further delay is undue and would result in substantial prejudice, and for that reason alone, concludes that the motion for leave must be denied.

Second, apart from any undue delay, Plaintiffs' motion is in substance a reiteration of the oral motion made on October 24, 2008 in open court and denied by the Court at that time. The Court ruled at the October 24, 2008 hearing that it would not grant Plaintiffs' oral motion for leave to amend and explained its reasons in detail. The motion for leave to amend filed by Plaintiffs on December 18, 2008 amounts to a request for reconsideration of that ruling. The motion does not provide the Court with any basis to conclude that there was any palpable defect in the Court's ruling that would support a request for reconsideration under L.B.R. 9024-1. The Court finds that Plaintiffs' motion for reconsideration, albeit styled as a motion for leave to amend complaint, must be denied.

Third, the Court has reviewed the proposed first amended complaint and concludes that Plaintiffs' motion for leave to file it must be denied because the proposed amendment is futile. The

-4-

07-06528-pjs    Doc 49    Filed 01/07/09    Entered 01/07/09 10:43:34    Page 4 of 5

proposed first amended complaint attached to Plaintiffs' motion is still entitled "Complaint to Deny Discharge" although it seeks no relief under § 727 and only seeks determination of the non-dischargeability of debt. The new Count I that Plaintiffs seek to add to this adversary proceeding is difficult to follow. It confuses provisions of Michigan criminal law and Michigan case law with provisions of § 523 of the Bankruptcy Code. Even if the Court were to find an absence of undue delay and even if the Court were to overlook the fact that Plaintiffs' motion is merely a request for reconsideration of the denial of their oral motion, the Court still finds that the motion for leave to amend should be denied because the amended complaint is futile because it does not state a cause of action under § 523(a) of the Bankruptcy Code.

For all of the reasons set forth in this order, the Court concludes that Plaintiffs' motion for leave to amend must be denied. Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file a first amended complaint is denied.

**Signed on January 07, 2009**

                                              **/s/ Phillip J. Shefferly**
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**